## CIRCUIT COURT OF FAIRFAX COUNTY

Mastaque Ahmed

v.

Ziaul Z. Ahmed

August 22, 1989

Case No. (Chancery) 102976

By JUDGE ROSEMARIE ANNUNZIATA

Under Virginia law, both parents owe their minor children a duty of support. *Featherstone v. Brooks*, 220 Va. 443 (1979). In this case, the father, Mastaque Ahmed, is presently paying by order of this Court entered on June 22, 1988, $300.00 per month in support of his two minor children. The children are in the custody of their mother, Ziaul Ahmed.

Mr. Ahmed asks the Court to reduce or suspend the payment of support monies on the ground he is presently unemployed and cannot find employment in his position. Mr. Ahmed resigned from his position with the Securities and Exchange Commission effective June 24, 1989. Mr. Ahmed also contends that Mrs. Ahmed should bear full responsibility for the support of the children citing Mrs. Ahmed's ability to save $485.00 per month between September 4, 1987, the date of the first child support hearing and December 31, 1988, one year later, a fact in existence at the time of the June hearing and Court Order. Mr. Ahmed claims Mrs. Ahmed's present assets include his payment of $26,000.00 to her for her interest in the parties' marital residence, which he purchased jointly with his brother. He further claims to owe $18,980.93 to various creditors; a portion of the debt was incurred as a result

of the real estate buy-out referenced above. Mrs. Ahmed testifies that she must undergo major surgery in the fall and will need six to eight weeks of convalescence at home as a result.

It is clear under Virginia law that the court is not automatically required to grant a reduction in support once the father establishes the mother's financial circumstances have improved. *Yohay v. Ryan*, 4 Va. App. 559 (1987). Furthermore, when any change in the father's financial circumstances is clearly not permanent, and there is no showing that the needs of the children have diminished, a permanent modification in the support obligations cannot be sustained. *See Yohay v. Ryan, supra.* While Mr. Ahmed is presently unemployed, his earning capacity remains unchanged.

Furthermore Mr. Ahmed declines to accept positions of employment outside his chosen field. While Mr. Ahmed is free to make this personal and professional choice, the absence of employment in such circumstances cannot be relied upon to establish a material and permanent change in circumstances, warranting modification. Under the Virginia statute governing support, income which otherwise would have been earned may be imputed to the unemployed parent.

Accordingly, Mr. Ahmed's motion to reduce child support is denied. His motion to suspend support payments is granted in part, to afford him some interim relief, to wit: Mr. Ahmed shall pay child support payments in the reduced amount of $75.00 per child for two months, beginning September 1, 1989. Beginning November 1, 1989, Mr. Ahmed shall resume paying $150.00 in child support for each child; and shall pay an additional $100.00 per month for three months so that the amount by which his support obligation was reduced in September and October is fully paid by December 1, 1989.